IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DARRIN L. MUCKER,<br><br>                    Defendant. | 8:13-CR-193<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has filed an objection (filing 35) to the presentence report, and has also filed a motion for variance (filing 36).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed an objection (filing 35) to the presentence report, taking issue with the inclusion of a 2008 report of sexual contact between the defendant and a 4-year-old girl. Presentence Report at 19 ¶¶ 115-18. The defendant "denies this conduct and submits that it should not be placed" in the presentence report. Filing 35.

To the extent that the defendant is arguing that these allegations should not have been placed in the presentence report, the defendant is mistaken. In preparing a presentence report, a probation officer is expected to include information that is relevant to the sentence and the defendant's history and characteristics, and any other information relevant to the 18 U.S.C. § 3553(a) factors. *See* Fed. R. Crim. P. 32(d). And allegations such as this, even uncharged, are precisely the sort of conduct that the Court is entitled to consider when determining the sentence. *E.g.*, *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011); *United States v. Wohlman*, 651 F.3d 878, 885 (8th Cir. 2011); *United States v. Solis-Bermudez*, 501 F.3d 882, 887 (8th Cir. 2007); *United States v. Gnavi*, 474 F.3d 532, 537-38 (8th Cir. 2007).

But of course, the presentence report is not, itself, evidence. *United States v. Byas*, 581 F.3d 723, 725 (8th Cir. 2009); *United States v. Jenners*, 473 F.3d 894, 897 (8th Cir. 2007), *abrogated on other grounds*, *Pepper v. United States*, 131 S. Ct. 1229 (2011). The Court may accept the facts in the presentence report as true *unless* the defendant objects to specific factual allegations, but if the defendant objects, the Court must either refuse to take those facts into account, or hold an evidentiary hearing. *United States v. Thomas*, 615 F.3d 895, 899 (8th Cir. 2010); *see Jenners*, 473 F.3d at 897. The government must present evidence at sentencing as to any disputed fact upon which it has the burden of proof, and the Court may rely only on facts established by a preponderance of the evidence. *Byas*, 581 F.3d at 725; *Jenners*, 473 F.3d at 897.

Therefore, if the government believes it is necessary, or intends to rely on the disputed facts at sentencing, it must present evidence. And if the government intends to present such evidence at sentencing, the

        government should notify the Court on or before November 12, 2013, and shall inform the Court how much time will be required for the evidentiary hearing. The defendant's objection will be finally resolved at sentencing.

        The defendant has also filed a motion for variance (filing 36) based on his personal circumstances and the 18 U.S.C. § 3553(a) factors. The Court will finally resolve that motion at sentencing.

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.    If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.    Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

        Dated this 5th day of November, 2013.

        BY THE COURT:

        *John M. Gerrard* (signature)
        John M. Gerrard
        United States District Judge